# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER HOOKMAN,<br><br>    Plaintiff,<br><br>v.<br><br>AARON'S, INC. and TIFFANY IRVING,<br><br>    Defendants. | CIVIL ACTION FILE NO.:<br>2:15-cv-02318-EAS-NMK |

## STIPULATED PROTECTIVE ORDER

This cause having come before the Court on agreement of the parties requesting entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c), the Court being otherwise fully advised in the premises, IT IS HEREBY ORDERED:

1. This Order shall apply to all information and documents (including responses to discovery requests, deposition transcripts, and deposition exhibits) produced during discovery in this action that is designated by the party or person producing it (the "producing party") as "Confidential." Such information and documents are referred to herein as "Designated Information." This Order shall not apply to information that, before disclosure, is properly in the possession or

knowledge of the party to whom such disclosure is made, or that is public knowledge. The restrictions contained in this Order shall also not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made (the "receiving party") in violation of this Order, or that is legitimately acquired from a source not subject to this Order.

2. If a document contains information that is not available in the public sector and that counsel for the party has determined in good faith to (i) be protected from disclosure by statute, (ii) be personal information (*e.g.*, Social Security numbers), including but not limited to, personnel information concerning non-party employees or contractors, (iii) constitute a trade secret (as defined by O.C.G.A. § 10-1-761(4)); (iv) contain confidential or otherwise sensitive business information; or (v) contain sensitive security data, such document may be designated by the party as confidential by marking it with the legend "CONFIDENTIAL" in a manner that will not interfere with legibility of the document and that will permit complete removal of the confidential designation. If practicable, such notation shall be placed on every page of each document so designated. The parties shall endeavor, where reasonable, to break transcripts into separate Confidential and non-Confidential portions. With respect to any material designated as

"Confidential" that is not produced in paper form (such as data storage devices, diskettes, magnetic media, and other material not produced in paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing party shall, to the extent practicable, produce such material with a cover labeled "CONFIDENTIAL" and shall inform the receiving party in writing of the Confidential designation of such material at the time such material is produced or within thirty (30) days of filing of this Order, whichever is later.

3. All Designated Information shall be used by all receiving parties only for the purpose of this litigation and not for any other business, proceeding, litigation, or other purpose whatsoever. Further, such Designated Information may not be disclosed by a receiving party to anyone except as provided in this Order.

4. Information disclosed at a deposition or other testimony may be designated as "Confidential," by page and line number, at the time of the testimony or deposition, or within thirty (30) days following receipt of the transcript, and shall be subject to the provisions of this Order. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential" for a period of thirty (30) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those

persons named or approved according to Paragraphs 7-10 to review documents or materials designated "Confidential" on behalf of that non-designating party.

5. In the event a party seeks to file any Designated Information with the Court, or any pleading or memorandum purporting to reproduce, paraphrase, or otherwise disclose such Designated Information, or otherwise offer any Designated Information into evidence pursuant to Paragraph 11 of this Order, that party shall take appropriate action to ensure that the document receives proper protection from public disclosure including (i) filing a redacted copy of the document, thereby concealing all allegedly confidential portions thereof, and (ii) where appropriate (*e.g.*, in relation to discovery disputes and evidentiary motions), submitting the documents solely for *in camera* review. Where the preceding measures are not adequate, the party desiring to file the Designated Information shall file a motion for leave to file the Designated Information under seal pursuant to Federal Rule of Civil Procedure 5.2 and any applicable Local Rule or Standing Order of the Court. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to file the Designated Information shall first consult with counsel for the party who designated the document(s) as confidential to determine if some measure less restrictive than filing the Designated Information under seal may serve to provide adequate protection.

6. As used in this Order, "Trial Counsel" refers exclusively to the attorneys, paralegals, and support staff of the attorneys for a party.

7. Material designated as "Confidential" that has been obtained during the course of this proceeding may be disclosed or made available only to the Court and its staff, Trial Counsel, the parties to the above-captioned litigation, and any other individual(s) who may be joined as a party, and the persons designated below, subject to the provisions of Paragraphs 8, 10 and 11 of this Order:

>  (a) any officer, director, or employee of Defendant Aaron's, Inc. deemed necessary by Defendant to aid in the prosecution, defense, or settlement of this action to the extent approved pursuant to Paragraph 10;
>
>  (b) Plaintiff Jennifer Hookman to aid in the prosecution, defense, or settlement of this action to the extent approved pursuant to Paragraph 10;
>
>  (c) independent experts or consultants (together with their clerical staff) retained by Trial Counsel to assist in the prosecution, defense, or settlement of this action to the extent approved pursuant to Paragraph 10;
>
>  (d) court reporters employed in this action;
>
>  (e) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

   (f) actual or potential witnesses in any deposition or other proceeding of this action who are the author(s) or recipient(s) of the "Confidential" material, or who, based on independent evidence, are reasonably believed by Trial Counsel to have been persons who have previously received a copy of the material; and

   (g) any other persons as to whom the parties in writing agree.

8. Before being provided access to any Designated Information, any person identified in Paragraph 7(c), (e), (f), or (g) shall be given a copy of this Order and shall sign a document in the form of Exhibit A attached hereto.

9. For the purpose of this Order an independent expert or consultant shall be defined as a person, who is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

10. The parties may request that another party identify some or all of the persons to whom that party has disclosed or made available Designated Information of the requesting party pursuant to Paragraphs 7(c), (e) and (f), pursuant to the procedures set forth below.

   (a) For good cause, a party may request another party, within seven (7) calendar days of receiving the request, to identify some or all of the persons to whom that party has disclosed or made available Designated

{00671225.DOCX / }

Information of the requesting party pursuant to Paragraphs 7(c), (e) and (f), and to produce the Acknowledgements signed by such persons.

(b)     Within seven (7) calendar days after receiving the information and Acknowledgements requested in Paragraph 10(a), the requesting party may object in writing (by electronic mail or otherwise) to the disclosure of that party's Designated Information to any of the persons so identified upon a reasonable basis. Failure to object within seven (7) calendar days shall not preclude the requesting party from later objecting to continued access by any of the identified persons to the Designated Information of the requesting party where facts suggesting a basis for objection are subsequently learned by the requesting party or its counsel. If objection is made, no additional Designated Information of the requesting party shall be disclosed to the person(s) in issue except under the provisions of Paragraph 10(c) or until the requesting party withdraws its objection.

(c)     If the requesting party so objects, the parties shall, within seven (7) calendar days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute.  At that conference, the requesting party shall inform the other party of its reasons for objecting to the person.  If the parties cannot resolve the dispute, or if the conference does not take place

because of the actions or inactions of the requesting party, then the requesting party may move the Court for an appropriate order, including for sanctions or other relief if the requesting party believes that the other party did not comply with this Order in disclosing or making available the requesting party's Designated Information to the person.  Designated Information may continue to be disclosed to the person if the requesting party fails to move the Court for an appropriate order within fourteen (14) calendar days after the conference.  If the requesting party timely files a motion with the Court for an appropriate order within the 14-day period, no additional Designated Information may be disclosed to the person unless and until the Court denies the requesting party's motion.  These time periods are not to restrict either party from moving for a Court order earlier if the circumstances so require.

11. Prior to any hearing or trial, the parties are to confer regarding whether any exhibits intended to be offered into evidence are designated as "Confidential" and, if so, to confer regarding how such documents should be treated for the hearing or trial.  If the parties cannot reach agreement, then they shall approach the Court regarding the appropriate treatment of such documents including, but not limited to, continued treatment of the documents as

"Confidential" or an exclusion of witnesses and other persons from the courtroom during the presentation of such evidence.

12. Any Designated Information may be used in any deposition (i) of the producing party or its officers, directors, or employees, (ii) of a person to whom the Designated Information has been or may be disclosed or made available pursuant to Paragraph 7, or (iii) with the written consent of the party that produced such Designated Information, subject to the condition that when such Designated Information is so used in a deposition, it may be designated as "Confidential" in accordance with Paragraph 4.  Further, whenever any Designated Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such Designated Information pursuant to the terms of this Order.

13. If counsel for a party receiving Designated Information hereunder objects to such designation of any or all of such items, the following procedure shall apply:

> (a) Trial Counsel for the objecting party shall serve on the producing party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Trial Counsel for the producing

party or third party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the producing party or third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged (*i.e.* the producing party) shall present the dispute to the Court initially by telephone or letter, in accordance with the Local Rules and the Presiding Judge's Standing Orders before filing a formal motion for an order regarding the challenged designation. The Designated Information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

14. Notwithstanding anything to the contrary herein, if a party through inadvertence or mistake produces any Designated Information without marking it with the legend "Confidential," the producing party may give written notice to the receiving party that the document, information, or testimony contains Designated

Information and should be treated as such in accordance with the provisions of this Order.  Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party must treat such documents, information, or transcripts as Designated Information, and shall cooperate in restoring the confidentiality of such Designated Information.  The receiving party shall not be responsible for the disclosure or other distribution of belatedly-labeled Designated Information as to such disclosure or distribution that occurred prior to the receipt of such notification of a claim of confidentiality, and any such disclosure or distribution shall not be deemed to be a waiver or a violation of this Order.

15.  If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim.  If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies of that document shall be destroyed.  However, if the party asked to return or destroy such information or documents believes that there is a good faith basis for challenging the privilege or protection, other than waiver based on inadvertent production in the first instance, it may retain and sequester the

information and copies of documents until this dispute is resolved by the parties or by the Court.

16. It is not the intention of this Order to fully address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, nor to preclude any party, including the producing party, from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

17. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or other person or entity subject to this Order with respect to any Designated Information.  The fact that information is designated "Confidential" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  This Order is applicable to the parties, any additional parties joined in this action, and any non-parties required to respond to discovery in this matter, for the sole purpose of facilitating discovery in this action.  It is ordered that this Order will not be used, in any manner or form, as direct or indirect evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, except a hearing that involves issues related to the enforcement of any provision of this Order.  Thus, the lack of an objection to the designation of material as "Confidential" shall

not be deemed or construed as an admission that such information is confidential, proprietary, or a trade secret.  This Order shall be without prejudice to the right of any party to bring before the Court the question of:

    (a)   whether any particular document, information, or transcript is or is not Designated Information;

    (b)   whether any particular document, information, or transcript is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

    (c)   whether any particular document, information, or transcript is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

18. A non-party to this action may designate information requested via subpoena as "Confidential," and such Designated Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Order.

19. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to destroy documents and things containing Designated Information pursuant to the procedures set forth below.

(a) All copies of documents containing Designated Information shall be destroyed (or, to the extent stored electronically, deleted) by the receiving party at the termination of this action, except that trial counsel for the parties may each retain one archival copy of the pleadings, deposition exhibits, court exhibits, documents and other materials submitted to the Court; deposition transcripts and transcripts of court proceedings; and Designated Information to the extent that it includes or reflects an attorney's work product.  Such material shall continue to be treated as Designated Information under this Agreement.  The destruction of documents containing Designated Information shall be completed no later than sixty (60) days after the time limit for final appeal has expired, and counsel shall send a letter within the sixty (60) day period to the producing party, confirming that the receiving party is in compliance with the destruction protocol under this Agreement.

(b) A party providing documents to an expert or other person shall ensure that all copies of documents containing Designated Information are destroyed at the termination of the Action.

20. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further Order of this Court.  This

Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| s/Fred M. Bean | s/Alisa P. Cleek |
| Fred M. Bean | Alisa P. Cleek (PHV-7333-2015) |
| Ohio Bar No. 0086756 | |
| | TAYLOR ENGLISH DUMA LLP |
| THE SPITZ LAW FIRM | 1600 Parkwood Circle, Suite 400 |
| 25200 Chagrin Blvd., Suite 200 | Atlanta, Georgia  30339 |
| Beachwood, Ohio 44120 | (678) 426-4624 Telephone |
| (216) 291-4744 Telephone | (770) 434-7376 Facsimile |
| (216) 291-5744 Facsimile | acleek@taylorenglish.com |
| Fred.Bean@spitzlawfirm.com | |
| | *Attorney for Defendant Aaron's, Inc.* |
| *Attorney for Plaintiff Jennifer Hookman* | |

SO ORDERED:

This 28th day of December 2015.

                                               *s/ Norah McCann King*
                                               Honorable Norah McCann King
                                               United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury under the laws of the United States that:

1. My address is: _____.

2. My present employer is _____.

3. My present occupation or job description is _____

   _____.

I HEREBY CERTIFY AND AGREE that I have been provided with a copy of, have read, and understand the terms of the Protective Order (the "Order") entered in Case No. 2:15-cv-02318-EAS-NMK pending in the United States District Court for the Southern District of Ohio (the "Court"). I agree that I will not disclose or use any documents or information received by me pursuant to the Order, except for purposes directly related to this litigation, as explicitly allowed by the Order, and I agree to be bound by the terms and conditions of the Order unless and until modified by further order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing the Order. I understand that I am to retain all copies of any of the materials I

receive which have been labeled as Designated Information in a safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

_____
Name

_____            Dated:_____
Signature